<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WOODBRIDGE CENTER PROPERTY, LLC, | |
| Plaintiff, | Civ. No. 09-2050 (DRD) |
| v. | **O P I N I O N** |
| WOODBRIDGE PIZZA, LLC, ET. AL., | |
| Defendants. | |

*Appearances by:*

LASSER HOCHMAN, LLC
by: Richard L. Zucker, Esq. and Ryan M. Buehler, Esq.
75 Eisenhower Parkway
Roseland, NJ 07068

   *Attorneys for Plaintiff,*

BUTLER, FITZGERALD, FIVESON & McCARTHY, P.C.
by: David J. McCarthy, Esq.
47 Orient Way
Rutherford, NJ 07070

   *Attorneys for Defendants.*

**<u>DEBEVOISE, Senior District Judge</u>**

   This matter comes before the Court on a Motion to Remand by Plaintiff Woodbridge Center Property, LLC ("Woodbridge Center"). On November 10, 2008, Woodbridge Center filed an action in the Superior Court of New Jersey alleging that Defendant Woodbridge Pizza,

LLC ("Woodbridge Pizza") had failed to pay roughly $37,000.00 worth of rent called for by a lease agreement between the two companies, and seeking remuneration for that amount from either Woodbridge Pizza or the two guarantors of the lease, Benino and Domenico Scotto. On April 16, 2009, Woodbridge Center filed for protection under Chapter 11 of the Bankruptcy Code. Alleging that Woodbridge Center's involvement in a bankruptcy proceeding gave this Court jurisdiction over the pre-existing suit seeking unpaid rent, Defendants on April 30, 2009 removed pursuant to 28 U.S.C. §§ 1334 and 1452.

Woodbridge Center contends that the case must be remanded pursuant to 28 U.S.C. § 1334(c)(2) because the action seeking unpaid rent is "related to" a bankruptcy case but does not "arise under" the Bankruptcy Code, and could not have been commenced in federal court if not for the company's bankruptcy filing. For the reasons set forth below, the Court agrees. The case will be remanded to the Superior Court of New Jersey. Woodbridge Center's request that Defendants be required to pay its attorneys' fees and costs related to the Motion to Remand will be denied, however, since Defendants possessed a reasonably objective basis for seeking removal.

**I. BACKGROUND**

At the time this litigation arose, Woodbridge Center owned a shopping mall in Woodbridge, New Jersey. On February 25, 2005, Defendant Woodbridge Pizza agreed to lease a 1,673 square foot space on the upper level of Woodbridge Center's building for a period of ten years starting on November 1, 2005 and ending on December 31, 2015. See (Decl. of Richard L. Zucker, May 22, 2009 ("Zucker Decl."), Ex. A.) The same day, Defendants Benino and Domenico Scotto entered into a guaranty by which they agreed to make any payments owed under the lease in the event of Woodbridge Pizza's default. (Zucker Decl., Ex. B.) Both

agreements incorporated the other by reference, and the guaranty was included in the lease as an annex.

By November 10, 2008, the relationship between Woodbridge Center and the Defendants had apparently soured. On that day, Woodbridge Center filed a Complaint in the Superior Court of New Jersey alleging that Woodbridge Pizza had breached the lease agreement by failing to pay its rent, and seeking judgment against the both the company and its guarantors, Benino and Domenico Scotto. Defendants filed an Answer asserting various affirmative defenses and counterclaims on December 9, 2008.

It appears from the record that the action proceeded without undue complication or delay in the Superior Court of New Jersey prior to removal. On December 22, 2008, Woodbridge Center filed a motion requesting that the New Jersey court enter an interim order requiring that the Defendants pay all past-due rent immediately and submit additional monthly rent payments as specified by the terms of the lease during the pendency of the litigation. The New Jersey court granted the motion in part on January 23, 2009, ordering that Defendants pay 90 percent of the accrued rent by February 12th of that year and continue to make monthly payments for 90 percent of the amount due under the lease. See (Pl.'s Br. Supp. Mot. Remand, Ex. N.) Additionally, Woodbridge Center filed a motion on February 19, 2009 requesting that the Court strike Defendants' demand for a jury trial and both parties filed discovery requests in April 2009.

On April 16, 2009, Woodbridge Center filed a petition for protection under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. Two weeks later, Defendants removed the action for unpaid rent from the Superior Court of New Jersey to this Court. In their Notice of Removal, Defendants summarized the procedural history of the action and stated that "[b]y virtue of Woodbridge Center filing for bankruptcy …

3

this Court has jurisdiction o[ver] this proceeding pursuant to 28 U.S.C. § 1452 and 28 U.S.C. § 1334(b) and (e)(1). … Upon removal, the consolidated action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (E), (G), (K), and (O)."  (Defs.' Notice of Removal ¶ 9.)

## II.  DISCUSSION

In seeking remand, Woodbridge Center contends that this Court must abstain from exercising jurisdiction because the action seeking unpaid rent is "related to" a bankruptcy case but does not "arise under" the Bankruptcy Code ("title 11").  That claim is premised on 28 U.S.C. § 1334(c)(2), which provides that:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Thus, the Court must remand if it finds that the following five requirements are met:

(1) [T]he proceeding is based on a state law claim or cause of action;
(2) [T]he claim or cause of action is "related to" a case under title 11, but does not "arise under" title 11 and does not "arise in" a case under title 11,
(3) [F]ederal courts would not have jurisdiction over the claim but for its relation to a bankruptcy case;
(4) [A]n action "is commenced" in a state forum of appropriate jurisdiction; and
(5) [T]he action can be "timely adjudicated" in a state forum of appropriate jurisdiction.

<u>Stoe v. Flaherty</u>, 436 F.3d 209, 213 (3d Cir. 2006).

### A.  Nature of Claims

It is clear from even a cursory examination of the pleadings this litigation involves only state law causes of action.  In its Complaint, Woodbridge Center asserted two claims for breach

4

of contract – one against Woodbridge Pizza for allegedly failing to pay rent as required by its lease, and the other against Benino and Domenico Scotto for allegedly refusing to pay the rent due under their guaranty agreement after Woodbridge Pizza defaulted on the lease.  Defendants in their Answer asserted counterclaims alleging that Woodbridge Center breached the lease and the covenant of good faith and fair dealing implied therein.  It is well-established that such claims arise under state law.  See, e.g., In re Exide Tech., 544 F.3d 196, 206 (3d Cir. 2008) (listing breach of contract among "state law claims"); DiCarlo v. St. Mary Hosp., 530 F.3d 255, 266-67 (3d Cir. 2008) (characterizing "breach of contract" and "breach of duty of good faith and fair dealing" as "state-law claims").

**B.  "Related To" vs. "Arising Under" Title 11**

In addition to concluding that the claims asserted in this litigation are premised on state law, the Court in order to decide if abstention is appropriate must determine whether those claims "arise under," or are rather merely "related to," the Bankruptcy Code.  That inquiry is equivalent to the question of whether the action "is a 'core' proceeding or a 'non-core' proceeding within the meaning of 28 U.S.C. § 157."  Stoe, 436 F.3d at 217.  "[A] a proceeding is core under [28 U.S.C. §] 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."  In re Guild & Gallery Plus, Inc., 72 F.3d 1171, 1178 (3d Cir. 1996) (quoting In re Marcus Hook Dev. Park, Inc., 943 F.2d 261, 267 (3d Cir. 1991)).

Under that standard, it is indisputable that the claims at issue in this litigation are "non-core" within the meaning of 28 U.S.C. § 157.  Both the direct claims asserted by Woodbridge Center and the counterclaims brought by the Defendants are couched in common law contract principles.  Those claims could have been, and in fact were, asserted outside the context of the

bankruptcy proceeding.  In fact, the Court of Appeals for the Third Circuit held in a case involving a similar controversy that "to the extent that a claim is for pre-petition contract damages, it is non-core."  <u>Beard v. Braunstein</u>, 914 F.2d 434, 443 (3d Cir. 1990); <u>see also</u> <u>Balcor/Morristown Ltd. P'ship v. Vector Whippany Assocs.</u>, 181 B.R. 781, 790 (D.N.J. 1995) ("[A]n action for pre-petition rent is non-core.").  Therefore, the Court finds that this litigation does not "arise under" the Bankruptcy Code, but rather is merely "related to" a bankruptcy proceeding.

**C.  Other Bases for Jurisdiction**

The third prerequisite for abstention under 28 U.S.C. § 1334(c)(2) requires the Court to find that it would not have jurisdiction over this case but for its relation to the bankruptcy proceeding before granting Woodbridge Center's Motion to Remand.  There are two ways that such jurisdiction might exist: (1) the assertion of a claim arising under the Constitution or laws of the United States, or (2) diverse citizenship of the parties.

Having already decided that the claims at issue in this litigation arise under state law, the Court finds that it does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Nor does the Court have diversity jurisdiction under 28 U.S.C. § 1332.  In order for such jurisdiction to exist, "every plaintiff must be of diverse state citizenship from every defendant," and the amount in controversy must exceed $75,000.  <u>In re Briscoe</u>, 448 F.3d 201, 215 (3d Cir. 2006).

In their brief regarding the pending motion, Defendants state that "[i]nasmuch as Woodbridge [Center] does not assert that there is an absence of diversity of citizenship between the parties, it has failed to establish a lack of diversity jurisdiction."  (Defs.' Br. Opp'n Mot. Remand 3.)  That statement misplaces the burden for establishing the propriety of removal.  It is well-established that "a party who urges jurisdiction on a federal court bears the burden of

6

proving that jurisdiction exists." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (internal quotations and citations omitted). Accordingly, the burden rests on Defendants to show that Woodbridge Center is not a citizen of the same state as any Defendant.

Limited liability companies such as Woodbridge Center and Woodbridge Pizza are, for the purposes of establishing diversity jurisdiction, citizens of every state in which a partner in that company resides. Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 185 n.3 (3d Cir. 2008). Therefore, Defendants were required to list the citizenship of every partner in each company and show that no partner lived in the same state as any defendant. They did not do so. Nowhere in the Notice of Removal is diversity jurisdiction invoked or the citizenship of the parties discussed. To the contrary, Defendants first argued that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 in their brief opposing the pending Motion to Remand. Even then, they gave no evidence relating to the citizenship of the parties. Therefore, the Court finds that Defendants have failed to establish the existence diversity jurisdiction.[1]

**D. State Court Action**

The final two factors necessary for abstention require that an action to redress the claims be timely filed and adjudicated in a state court of appropriate jurisdiction. As discussed above, this case was originally filed in the Superior Court of New Jersey – which both parties concede properly had jurisdiction – on November 10, 2008. Prior to removal, the state court had ruled on preliminary motions and the action had proceeded to discovery. In light of that progress, the

---

[1] Even if Defendants had established diversity jurisdiction, remand would be appropriate because Benino and Domenico Scotto reside in New Jersey, the state in which the litigation was originally brought. Removal therefore violated the "forum defendant rule" contained in 28 U.S.C. § 1441(b).

7

Court finds that the case was, in fact, in the process of being "timely adjudicated," and should be remanded to the New Jersey court for completion of that process.

**E. Attorneys' Fees**

A district court may, in its discretion, award a party seeking remand attorneys' fees and costs. 28 U.S.C. § 1447(c). However, "[a]bsent unusual circumstances, courts may award attorney's fees … only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). When an "objectively reasonable" basis for seeking removal exists, "fees should be denied." Id.

Pursuant to 28 U.S.C. § 1452(a), a party may remove any claim over which a district court has jurisdiction under 28 U.S.C. § 1334. The latter section grants district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). As discussed above, this action is "related to" (but does not "arise under") a bankruptcy proceeding. Accordingly, Defendants had a reasonable basis for seeking removal.

The fact that another provision – 28 U.S.C. § 1334(c)(2) – requires the Court to abstain has no bearing on the propriety of Defendants' actions in removing the case. Abstention under that section is required only "[u]pon timely motion of a party." 28 U.S.C. § 1334(c)(2). Thus, Woodbridge Center could have waived its right to mandatory remand. In light of that fact, the Court finds nothing improper in Defendants' removal, and will exercise its discretion not to award attorneys' fees or costs.

## III.  CONCLUSION

For the foregoing reasons, Woodbridge Center's Motion to Remand is granted.  No attorneys' fees or costs are awarded to either side.

The Court will enter an order implementing this opinion.

                                       **s/ Dickinson R. Debevoise**_____
                                       DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: July 14, 2009